**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DAVID MALCICH, an individual, | * |
| Plaintiff, | * |
| v. | *   Case No. |
| ANHEUSER-BUSCH COMPANIES, LLC, a limited liability company, | * |
| Defendant. | * |

_____

## COMPLAINT

Plaintiff, David Malcich, ("Malcich" or "Plaintiff") hereby sues Defendant, ANHEUSER-BUSCH COMPANIES, LLC, (hereinafter "Defendant") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG") and alleges as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant, ANHEUSER-BUSCH COMPANIES, LLC's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is properly located in the Eastern District of Missouri Eastern Division pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's

claims occurred. Defendant's property is located in and Defendant does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

3. Plaintiff, David Malcich is and has been at all times relevant to the instant matter, a natural person residing in Missouri and is sui juris.

4. Plaintiff is an individual with disabilities as defined by the ADA.

5. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6. Plaintiff uses a wheelchair for mobility purposes.

7. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make his home community more accessible for Plaintiff and others; and do what is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the Subject Property, including returning to the Subject Property as soon as it is accessible ("Advocacy Purposes").

8. Defendant, ANHEUSER-BUSCH COMPANIES, LLC, is a foreign limited liability company conducting business in the State of Missouri and within this judicial district.

## FACTUAL ALLEGATIONS

9. On or about September of 2021, Plaintiff attempted to but was deterred from patronizing, and/or gaining equal access as a disabled patron to the Anheuser-Busch Brewery located at 1200 Lynch St., St. Louis, MO 63118 ("Subject Facility", "Subject Property").

10. ANHEUSER-BUSCH COMPANIES, LLC, is the owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action, specifically the Anheuser Busch Brewery and its attendant facilities, including vehicular parking and common exterior paths of travel within the site identified by St. Louis assessor parcel identification number 1411-9-010.000 ("Subject Facility", "Subject Property").

11. Plaintiff lives within thirty (30) miles of the Subject Property. Because the Subject Property is a tourist attraction and located in an area in which he routinely visits and travels, Plaintiff is routinely in close proximity of the Subject Property numerous times every month.

12. Plaintiff's access to the Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, ANHEUSER-BUSCH COMPANIES, LLC, is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Subject Property, including those set forth in this Complaint.

13. Plaintiff has visited, i.e. attempted to patronize, the Subject Property on multiple prior occasions, and at least once before as a patron and advocate for the disabled. Plaintiff intends on revisiting the Subject Property within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron, to determine if and when the Subject Property is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

14. Plaintiff intends on revisiting the Subject Property to enjoy the same experiences, goods, and services available to Defendant's non-disabled patron as well as for Advocacy Purposes, but does not intend to continue to repeatedly re-expose himself to the ongoing barriers

to equal access and engage in the futile gesture of attempting to patronize the Subject Property, a business of public accommodation known to Plaintiff to have numerous and continuing barriers to equal access for wheelchair users.

15. Plaintiff recently traveled to the Subject Property as a patron and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to equal access present at the Subject Property.

## COUNT I – CLAIM FOR INJUNCTIVE RELIEF
**(Against Defendant for ADA Violations)**

16. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

17. The Subject Property is a public accommodation and service establishment.

18. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

19. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

20. The Subject Property must be, but is not, in compliance with the ADA and the ADAAG.

21. Plaintiff has attempted to, and has to the extent possible, accessed the Subject Property in his capacity as a patron at the Subject Property and as an independent advocate for

the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit his access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

22. Plaintiff intends to visit the Subject Property again in the very near future as a patron and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered to able-bodied patrons of the Subject Property but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit his access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

23. Defendant, ANHEUSER-BUSCH COMPANIES, LLC, has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

24. Defendant, ANHEUSER-BUSCH COMPANIES, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until ANHEUSER-BUSCH COMPANIES, LLC, is compelled to remove all physical barriers that exist at the Subject Property, including those specifically set forth herein, and make the Subject Property accessible to and usable by Plaintiff and other persons with disabilities.

25. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Subject Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Subject Property include, but are not limited to:

### ACCESSIBLE ROUTES/PARKING

(Exterior)

a. There is no van accessible parking present in violation of § 4.6 of the 1991 ADAAG and § 502 of the 2010 ADAAG. This violation made it dangerous Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

b. There is no van accessible parking identified as such with upright "Van Accessible" signage in violation of § 4.6 of the 1991 ADAAG and §§ 208, 302 and 502 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

c. The Plaintiff could not safely utilize the parking facility because three of the designated accessible parking spaces within the parking facility are not level and have a downward slope in violation of 28 CFR § 36.211, §§ 4.5.1 and 4.6.3 of the 1991 ADAAG and §§ 302 and 502.4 of the 2010 ADAAG. These violations made it dangerous and difficult for Plaintiff to transfer from his vehicle to his wheelchair (and vice versa) using the parking spaces within the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

d. There is no visible upright signage (displaying the International Symbol of Accessibility) above designated accessible parking spaces located in the middle column of parking spaces as accessible in violation of § 4.6 of the 1991 ADAAG and § 502 of the 2010 ADAAG. This violation made it dangerous for

    Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

e. The visible upright signage (displaying the International Symbol of Accessibility) designating parking spaces as accessible is mounted too low in violation of § 4.6 of the 1991 ADAAG and § 502 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

f. There is no accessible route provided within the site from the public sidewalk which serves the facility. Violation: There is no accessible route connecting the public sidewalk serving the Subject Facility and any accessible entrance(s) in violation of § 4.3.2 of the 1991 ADAAG and § 206.2.1 of the 2010 ADAAG. This violation prevented equal access to the Subject Property and caused Plaintiff loss of opportunity.

g. There is not adequate wheelchair accessible seating in the outdoor portion of the subject property. At least 5 percent of the outdoor seating has to be wheelchair accessible. This is in violation of 28 CFR § 36.211, § 4.1.3 of the 1991 ADAAG and § 226.1 of the 2010 ADAAG. This violation prevented equal access to the Subject Property and caused Plaintiff loss of opportunity.

h. The sales counter serving the outdoor bar is too high for wheelchair users. Violation: The sales counter exceeds the maximum allowable height of 36 inches from the finish floor in violation of § 7.2 of the 1991 ADAAG and §§ 227.3 and 904.4 of the 2010 ADAAG. This violation prevented access to Plaintiff equal to that of able-bodied individuals and caused Plaintiff loss of opportunity.

INTERIOR

i. Protective pipe insulation is not provided on the exposed water pipes beneath the restroom sink. Violation: Foam or fiber insulation with protective overwrap, or compliant under lavatory enclosures are not provided for the restroom sinks to protect against contact by wheelchair users in violation of § 4.19.4 of the 1991 ADAAG and § 606.5 of the 2010 ADAAG.

    This violation prevented access to the restroom facilities equal to that of able-bodied individuals and in so doing caused Plaintiff loss of opportunity.

j. The sales counters located within the subject property are too high for wheelchair users. Violation: The sales counter exceeds the maximum allowable height of 36 inches from the finish floor in violation of § 7.2 of the 1991 ADAAG and §§ 227.3 and 904.4 of the 2010 ADAAG. This violation prevented access to Plaintiff equal to that of able-bodied individuals and caused Plaintiff loss of opportunity.

k. There is not adequate wheelchair seating inside the subject property, specifically in the front area of the biergarten room. At least 5 percent of the indoor seating has to be wheelchair accessible. This is in violation of 28 CFR § 36.211, § 4.1.3 of the 1991 ADAAG and § 226.1 of the 2010 ADAAG. This violation prevented equal access to the Subject Property and caused Plaintiff loss of opportunity.

l. The plaintiff could not access the souvenir coin dispenser kiosk in the subject property's interior. Violation: The souvenir coin kiosk in the subject property has functional parts that exceed the maximum height allowable in violation set forth in § 4.2.5 and Figure 5 of the 1991 ADAAG and § 308.3 of the 2010 ADAAG. This violation prevented equal access to Plaintiff and caused him loss of opportunity.

## MAINTENANCE PRACTICES

m. Defendant has a practice of failing to maintain the accessible features of the Subject Facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211. This practice prevented access to Plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff loss of opportunity.

n. Defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to

       shift from compliant to noncompliant so that said elements may be discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR § 36.211, the 1991 ADAAG, and the 2010 ADAAG. These violations, as set forth hereinabove, made it impossible for Plaintiff to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Facility as Defendant's able-bodied patrons and caused Plaintiff loss of opportunity.

  o. Defendant has failed to modify its discriminatory maintenance practices to ensure that, pursuant to its continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 CFR § 36.302 and 36.211. This failure by Defendant prevented access to the Plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff loss of opportunity.

26. The discriminatory violations described above are not an exhaustive list of Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the Subject Property due to the architectural barriers encountered. A complete list of the subject location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Rule 34 of the Federal Rules of Civil Procedure. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, he has actual notice that Defendant does not intend to comply with the ADA.

27. Defendant has a practice of failing to maintain the accessible elements at the Subject Property by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of its design or placement, frequency of usage, exposure

to weather and/or other factors, are prone to shift from compliant to non-compliant, so that said elements are discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of non-compliance with dynamic accessible elements at the Subject Property in violation of 28 CFR §§ 36.202 and 36.211. These violations, as referenced hereinabove, made it impossible for Plaintiff, as a wheelchair user, to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Property as Defendant's able-bodied patrons.

28. Accessible elements at the Subject Property have been altered and/or constructed since 2010.

29. The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

30. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

31. Each of the violations alleged herein is readily achievable to modify to bring the Subject Property into compliance with the ADA.

32. Removal of the physical barriers and dangerous conditions present at the Subject Property is readily achievable because of the site conditions at the Subject Property, the structural design of the Subject Facility, and the straightforward nature of the necessary modifications.

33. To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, § 44 of the Internal Revenue Code

("IRC") provides a tax credit for small business owners, and § 190 of the IRC provides a tax deduction for all business owners, including Defendant.

34. Removal of the physical barriers and dangerous conditions at the Subject Property is readily achievable because of the relatively low cost of the necessary modifications and Defendant has the financial resources to make the modifications, including the financial assistance made available to Defendant by the government pursuant to §§ 44 and/or 190 of the IRC.

35. By continuing to maintain and/or operate the Subject Property with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

36. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the Subject Facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

37. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, ANHEUSER-BUSCH COMPANIES, LLC, is required to remove the physical barriers, dangerous

conditions and ADA violations that exist at the Subject Property, including those alleged herein. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

38. Plaintiff's requested relief serves the public interest.

39. Plaintiff will be denied full and equal access to the Subject Property, as provided by the ADA unless the injunctive relief requested herein is granted.

40. Plaintiff's counsel is entitled to recover its reasonable attorneys' fees, costs, and litigation expenses (including expert fees) from Defendant, ANHEUSER-BUSCH COMPANIES, LLC, pursuant to 42 U.S.C. §§ 12188, 12205 and 28 CFR 36.505.

41. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the Subject Facilities until the requisite modifications are completed, and ordering Defendant to fulfill its continuing duty to maintain the accessible features at the Subject Property in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff prays the Court:

A. Find Defendant, ANHEUSER-BUSCH COMPANIES, LLC, in violation of the ADA and ADAAG;

B. Enter an Order requiring Defendant, ANHEUSER-BUSCH COMPANIES, LLC, to (i) remove the physical barriers to access and (ii) alter the Subject Property to make the Subject Property readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. Enter an Order directing Defendant, pursuant to 28 C.F.R. §36.211, to fulfill its continuing duty to maintain its accessible features and equipment so that the Subject Facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D.     Enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. §36.302 and 28 C.F.R. §36.211;

E.     Enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F.     Award Plaintiff his attorneys' fees, costs, and litigation expenses (including expert fees) pursuant to 42 U.S.C. § 12205 and an award of monitoring fees associated with ensuring that Defendant is in compliance with the ADA;

G.     Award Plaintiff interest upon the original sums of said award of attorney's fees, costs, and litigation expenses (including expert fees); and

H.     Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**Dated**: March 18, 2022

Respectfully submitted,

**JONATHAN F. ANDRES P.C.**

By: /s/ *Jonathan F. Andres*
    Jonathan F. Andres MO39531
    1127 Hoot Owl Rd.
    St. Louis, MO 63005
    (636) 633-1208
    andres@andreslawpc.com

*Attorney for Julie Burgess*

**DEFENDANT TO BE SERVED:**
Anheuser-Busch Companies, LLC
c/o C T Corporation System, Registered Agent
120 South Central Ave.
Clayton, MO 63105