IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID MALCICH, an individual, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 4:22-cv-00319-JCH |
| ANHEUSER-BUSCH COMPANIES, LLC, | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant, Anheuser-Busch Companies, LLC ("A-B" or "Defendant"), for its answer to Plaintiff David Malcich's ("Plaintiff") Complaint, states as follows:

The allegations in the first, un-numbered paragraph on page 1 of the Complaint contain introductory material to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in the first paragraph on page 1 of the Complaint, except it admits that it is limited liability company and that Plaintiff purports to bring claims under the Americans with Disabilities Act ("ADA"). Defendant further denies that Plaintiff is entitled to any relief requested in the Complaint, or to any other relief.

**NATURE OF ACTION**

1. Defendant admits that Plaintiff purports to bring claims under Title III of the ADA for declaratory and injunctive relief. Defendant admits that jurisdiction is proper in this Court, but denies any and all remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits that its property is located within the geographic coverage of this judicial District and that venue is proper, but Defendant denies any and all remaining allegations in Paragraph 2.

1

3. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7. Defendant denies that Plaintiff has encountered numerous ADA violations on the Subject Property. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8. Defendant admits the allegations in Paragraph 8 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

9. Defendant lacks sufficient information to admit or deny that Plaintiff attempted to visit the Anheuser-Busch Brewery located at 1200 Lynch St., St. Louis, MO 63118 in or about September 2021 and therefor denies the same. Defendant further denies any and all remaining allegations in Paragraph 9.

10. Defendant admits the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint and therefore denies the same.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendant lacks sufficient information to admit or deny that Plaintiff has visited or attempted to patronize the Subject Property on multiple prior occasions, or at least once before

as a patron and advocate for the disabled, and therefore denies the same. Defendant further lacks sufficient information regarding Plaintiff's intention or purpose of revisiting the Subject Property in the future. Defendant denies that Plaintiff has encountered barriers to access as alleged in Paragraph 13 of the Complaint. Defendant further denies any and all remaining allegations in Paragraph 13 of the Complaint.

14.     Defendant lacks sufficient information to admit or deny that Plaintiff intends to revisit the Subject Property to enjoy the same experiences, goods, and services and for Advocacy Purposes, and therefore denies the same. Defendant denies that Plaintiff has been unable to enjoy the same experiences, goods, and services available to Defendant's non-disabled patrons or repeatedly re-exposed himself to ongoing barriers at the Subject Property. Defendant further denies any and all the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendant lacks sufficient information to admit or deny that Plaintiff recently traveled to the Subject Property as a patron and as an independent advocate for the disabled, and therefore denies the same. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

**COUNT I – CLAIM FOR INJUNCTIVE RELIEF**

16.     Defendant admits the allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant admits the allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant admits the allegations in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant admits the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     The allegations in Paragraph 20 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant lacks sufficient information to admit or deny that Plaintiff has attempted to, or has to the extent possible, accessed the Subject Property in his capacity as a patron at the Subject Property and as an independent advocate for the disabled, and therefore denies the same. Defendant further denies any and all remaining allegations in Paragraph 21 of the Complaint.

22. Defendant lacks sufficient information to admit or deny that Plaintiff intends to visit the Subject Property again in the very near future as a patron and as an independent advocate for the disabled, and therefore denies the same. Defendant further denies any and all remaining allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint, including its sub-parts in their entirety.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. The allegations in Paragraph 29 of the Complaint state a legal conclusion to which no response is required. To the extent that a response to Paragraph 29 is deemed required, the ADA and its regulations speak for themselves. Defendant denies it has violated the ADA, and denies that Plaintiff is entitled to any relief under the ADA or otherwise. Defendant further denies any and all remaining allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. The allegations in Paragraph 33 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. The allegations in Paragraph 41 of the Complaint state a legal conclusion to which no response is required. To the extent that a response to Paragraph 41 of the Complaint is deemed required, the ADA and its regulations speak for themselves. Defendant denies that it has violated the ADA, and denies that Plaintiff is entitled to any relief under the ADA or otherwise. Defendant further denies any and all remaining allegations in Paragraph 41 of the Complaint.

Defendant denies that Plaintiff is entitled to any relief requested in the "WHEREFORE" clause, including subparts (A.) – (H.), on pages 12 and 13 of the Complaint, and denies Plaintiff is entitled to any other legal relief.

## AFFIRMATIVE AND OTHER DEFENSES

At this time, Defendant asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated when this action is finally adjudicated.

## THIRD DEFENSE

Plaintiff's Complaint, which fails to allege when Plaintiff visited the Locations, is barred to the extent the claims stated in the Complaint are based on one or more visit to the Locations prior to the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent that, with respect to any particular architectural element of the Locations that depart from accessibility guidelines, the Locations have provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

## FIFTH DEFENSE

Plaintiff's claims are barred because the claimed violations are *de minimis* and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

## SIXTH DEFENSE

Plaintiff's claims are barred because the barrier removal Plaintiff seeks under the ADA in facilities built before January 26, 1992/1993 is not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense when taking into account the cost of removal, Defendant's financial resources, and effect on Defendant's operations.

**SEVENTH DEFENSE**

Plaintiff's claims are barred to the extent that the barrier removal Plaintiff seeks involve features of the Locations that were built before January 26, 1992/1993 and were not "alterations" within the meaning of the ADA and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

**EIGHTH DEFENSE**

Plaintiff's claims that the Locations were designed in violation of the ADA are barred to the extent that the Locations were designed and constructed before the effective dates of the ADA or its regulations.

**NINTH DEFENSE**

Plaintiff's claims for damages alleged in Plaintiff's Complaint are limited by Defendant's good faith reliance upon reasonable interpretations of federal, state, and local laws by local building authorities, issuance of appropriate building permits and certificates of occupancy for the facilities at issue, and/or architectural or engineering specifications or recommendations.

**TENTH DEFENSE**

Alternatively (because his entitlement to attorneys' fees, costs, or other damages is expressly denied), Plaintiff has failed to mitigate or to reasonably attempt to mitigate such fees, costs, or damages.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred to the extent they rely on an alleged barrier where the extent of any alleged variance from the applicable regulations and standards does not exceed the range of allowable construction tolerance at the time of construction.

**TWELFTH DEFENSE**

Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred to the extent the alleged violations of law are excused, exempted, or justified under the statute under which Plaintiff has sued.

**THIRTEENTH DEFENSE**

Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred in whole or in part because Plaintiff's injury or injuries, which are expressly denied, was/were caused by third parties acting outside the scope of agency, employment or control of Defendant.

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to the injunctive relief he seeks because he lacks standing to seek or receive such relief.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert additional defenses as may arise during the course of this litigation.

**WHEREFORE,** Defendant requests that the Court enter judgment dismissing the Complaint with prejudice, granting to Defendant its costs and attorneys' fees, and granting to Defendant such other relief as the Court may deem just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

/s/ Sarah Kuehnel

        Sarah Kuehnel,    #61698MO
        Nicholas R. Hand,    #73735MO
        7700 Bonhomme Avenue, Suite 650
        St. Louis, Missouri 63105
        Phone: (314) 802-3935
        Facsimile: (314) 802-3936
        Sarah.Kuehnel@ogletree.com
        Nicholas.Hand@ogletree.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 3rd day of June, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Jonathan F. Andres MO 39531
Jonathan F. Andres P.C.
1127 Hoot Owl Rd.
St. Louis, MO 63005
andres@andreslawpc.com
*Attorney for Plaintiff*


        */s/ Sarah Kuehnel*
        *Attorney for Defendant*